# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2022

Lyle W. Cayce
Clerk

No. 22-10496
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Conrado Olivo-Duron,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-311-1

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Conrado Olivo-Duron appeals his conviction and sentence for illegal reentry after removal. For the first time on appeal, he argues that his sentence exceeds the statutory maximum and is therefore unconstitutional because the district court enhanced his sentence under 8 U.S.C. § 1326(b)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10496

based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While he acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief.

Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Olivo-Duron is correct that his argument is foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT.